**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENE BOISVERT,

              Plaintiff - Appellant,

v.

LARS LOHAN, DBA California Trace & Recovery; et al.,

              Defendants - Appellees.

No. 13-15208

D.C. No. 3:12-cv-04263-EDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding[**]

Submitted September 21, 2015[***]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Rene Boisvert appeals pro se from the district court's order dismissing his

action alleging federal and state law claims in connection with the enforcement of a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state court judgment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).  We may affirm on any basis supported by the record.  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013).  We affirm.

Dismissal of Boisvert's state law claims was proper because Boisvert failed to allege facts sufficient to state any claim upon which relief could be granted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading must offer more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" (citation and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief); *see also Rusheen v. Cohen*, 128 P.3d 713, 718-19 (Cal. 2006) (explaining that "communications with some relation to judicial proceedings [are] absolutely immune from tort liability" under the California litigation privilege (citation and internal quotation marks omitted)).

The district court properly dismissed Boisvert's Racketeer Influenced and Corrupt Organizations Act ("RICO") claims because Boisvert failed to allege with sufficient particularity a pattern of racketeering activity cognizable under the RICO statute.  *See* Fed. R. Civ. P. 9(b) (allegations of fraud must be "state[d] with

particularity"); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Rule 9(b)'s requirements apply to allegations regarding fraudulent predicate acts in RICO actions).

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (while leave to amend should be given freely, district court may dismiss without leave where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject Boisvert's contentions that defendants failed to follow the local rules and filed improper successive motions, and that he was improperly denied discovery.

All pending motions and requests are denied.

**AFFIRMED.**

13-15208